3
Law Offices of
FRALEY & FRALEY
Gary Ray Fraley, SBN 80056
Andrew D. Grossman, SBN 258671
1401 El Camino Avenue, Suite 370
Sacramento, CA  95815
telephone: (916) 485-5444
facsimile: (916) 485-8969
e-service: FraleyandFraley@gmail.com
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

    Vincent Debiasi
    Evangeline Starr -Debiasi

                  Debtors

Case No: 2011-43827
DC No: FF-1
Judge: Hon. Thomas C. Holman
Date: November 8, 2011
Time: 9:32 am
Place: 501 I Street, Sixth floor, Courtroom 32, Sacramento, CA

## MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' BUSINESS AND PHYSICAL ASSETS

Vincent Debiasi and Evangeline Starr- Bebiasi, the Debtor's herein, hereby moves this Court for an Order Compelling Abandonment of the Estate's interest in the Debtors' Business. This Motion is based on the following facts:

1. As shown in the filed schedules of this case, the Debtor's operate a sole proprietor business, named "Med Tech Services." Said business is located at 372 Florin Road, Suite 144, Sacramento, CA 95831.

2. The Debtors' tools of the trade, equipment, and other business-related assets (hereinafter, "BUSINESS ASSETS") have been disclosed in detail in the filed Schedule B (See Exhibit #1 attached hereto). The business assets in this case consist of the business, Med Tech Services. The Debtor's have placed values on these assets in the aggregate total of $4975.60.

3. As shown in Schedule C (see Exhibit #1 attached hereto), the Debtor's have claimed exemptions totaling $4975.60 against the values of the BUSINESS ASSETS.

FILED
October 10, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003823719

4. In summary

    A.    Gross value of BUSINESS ASSETS    $4974.60

           Med Tech Services    $ 1.00

    B.    Liens against the BUSINESS ASSETS    -$. 0.00

    C.    Gross Equity    $ 4975.60

    D.    Exemptions claimed on the BUSINESS ASSETS    -$4975.60

           Med Tech Services C.C.P. 703.140 (b)(5)    $ 1.00

           Business Checking Accounts C.C.P. 703.140(b)(5)    $ 386.81

           Office Furnishings and Supplies C.C.P.703.140(b)(5    $ 240.00

           Open Invoices Owed to Debtors' C.C.P.703.140(b)(5)    $ 3,319.53

           Tools C.C.P. 703.140(b)(6)    $ 200.00

           Inventory, Repair Parts C.C.P. 703.140(b)(5)    $ 778.26

           Equipment C.C.P 703.140(b)(5)    $ 50.00

    E.    Net value of BUSINESS ASSETS to the estate    $ 0.00

6. The Debtor's assert that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets and (b) the exemptions, if any, in Schedule C claimed by the Debtors'. Even though the assets were exempted under C.C.P. 703.140 (b)(5) there remains an additional $13,336.88 in unused C.C.P.703.140 (b)(5), as well as the $2,000.00 in the tools of the trade exemption C.C.P. 703.140 (b)(6).

7. The business itself has no net sale value to benefit the bankruptcy estate and was exempted in the amount of $1.00 which is included in the above stated total of $4975.60 of BUSINESS ASSETS.

8. The Debtor's are aware that, under the provisions of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtors' business; and then, only with an order of the Court. Otherwise, the Trustee is entitled to shut down the business or abandon the estate's interest in the business.

9. However, the Debtor's assert that, based on the lack of any unexempt equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating or shutting down this business.

10. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors', to file a motion seeking to compel the Trustee to abandon property of the estate. Wherefore, the Debtor's move this Court to issue an Order Compelling the Trustee to Abandon the Estate's Interest in the Debtors' Business.

Dated: 10-10-11

Fraley & Fraley, Attorneys for the Debtor
by Andrew D. Grossman, Esq.